1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8

9    United States of America,              )    No. CR-12-8115-PCT-GMS
                                            )
10              Plaintiff,                   )    **ORDER**
                                            )
11   vs.                                     )
                                            )
12                                           )
     Estiven Quintana,                       )
13                                           )
               Defendant.                    )
14                                           )
     _____)
15

16          Pending before the Court is Defendant Estiven Quintana's Motion To Review

17   Detention Order (Doc. 17), pursuant to 18 U.S.C.§ 3145(b).

18          The Court has reviewed the order.  The Court has obtained and listened to the

19   detention hearing in this matter that occurred on June 8, 2012.  The Court has also obtained

20   and reviewed the Pretrial Services Report prepared by Tammy L. Mahan on May 31, 2012,

21   the Addendum dated June 8, 2012, and the record of Defendant's tribal arrests and

22   convictions which Pre-trial services informs the Court, it has provided to the parties.  The

23   Court has further reviewed the briefing of the parties in this request for review.  The Court

24   has made its own "de novo" determination of the facts, *United States v. Koenig,* 912 F.2d

25   1190, 1191-93 (9th Cir. 1990), and affirms the trial court's order that the Defendant be

26   detained.

27           In determining whether to detain an individual the statute requires the Court to

28   consider:

1. The nature and circumstances of the offenses charged;

2. The weight of the evidence against the Defendant;

3. The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

4. The defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse and criminal history.  18  U.S.C. § 3142(g).

**1.    The Offenses charged**

Defendant is charged in Count 1 of the indictment with assault with a dangerous weapon with intent to do bodily harm in violation of 18 United States Code, Sections 1152 and 113(a)(3).  Mr. Quintana, in the company of three or four others, is alleged to have assaulted the victim with a police baton.  The likely sentence can effect the weight to be given the presumption.  *United States v. Moss,* 887 F.2d 333 (1st Cir. 1989).

**2.    The weight of the evidence against the defendant**

On proffer, the United States avowed that each of the Defendant's three co-defendants implicated him as a participant in the crime.  The victim never identified the Defendant as one of the perpetrators of her assault, but the perpetrators' faces were all masked by blue bandanas.   While the rules of evidence do not govern the admissibility of evidence at a detention hearing, 18 U.S.C. § 3142(g), the Court is mindful that the Defendant did not have the opportunity to confront or challenge the proffered hearsay identification of Defendant's co-defendants.  Further, to the extent that the government makes arguments pertaining to the weight of the evidence against the Defendant on the charges, this is among the least important of the factors to be considered in making the detention decision.  *United States v. Motamedi,* 767 F.2d 1403, 1408 (9th Cir. 1985).  The Court, in evaluating the Defendant's motion, has kept this injunction in mind.

**3.    The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.**

To the extent that the proffer of the government is considered, the Defendant's release might pose some threat to the victim in this case since the victim was allegedly beaten by those who were paid to accomplish her injury.  Nevertheless, the government provides

insufficient evidence to make this a significant consideration.

**4.    Defendant's character, family and community ties, history relating to drug and alcohol abuse**

Defendant is an American citizen.  He is not an enrolled member of the White Mountain Apache Tribe, but he has lived on the reservation for most, if not all, of his life. He receives approximately $250 in value per month as a Spiritual Dancer.  He is paid for his dancing either in food or cash.  He considers being a Spiritual Dancer his full-time employment despite the limited resources it provides.  His mother, who does not live on the reservation, provides for the majority of his financial needs.  His financial needs are also to some extent subsidized by his wife, who rents a home from the Tribal Housing Authority, at which Defendant sometimes stays.  Defendant and his wife have a two-year old son.

Defendant has some criminal history off the reservation involving, among other things, three arrests and one conviction for a failure to appear.  He has also been arrested and convicted off-reservation for shoplifting and making a false report to law enforcement. Defendant's history of arrests and convictions for tribal offenses is significant.  Defendant has been arrested and convicted multiple times for public intoxication, possession of drug paraphernalia, assault/ domestic violence, disorderly conduct, and criminal negligence. The Defendant has been arrested multiple times for interfering with an officer, and disobedience to a lawful court order, or a failure to appear.  For the most part, however, the charges stemming from these arrests are dismissed apparently because the Tribal Court determined that it does not have jurisdiction over the Defendant.

Defendant admits to the regular use of alcohol and marijuana and the past use of methamphetamine and cocaine.

In considering all of the factors, and as is born out by the Defendant's criminal conviction, let alone his multiple arrests, the Defendant is a flight risk.  There is no conditions or combination of conditions that would reasonably assure his appearance as required.  As well, the Defendant does not have a stable residence nor does he have stable employment sufficient to impede his departure.  He does not reside consistently with his wife

1   and child. The Defendant has a lengthy criminal history especially when both tribal and non-

2   tribal offenses are considered.  These arrests and convictions demonstrate a lack of desire or

3   ability to comply with the conditions imposed by a Court.  The Defendant also has a lengthy

4   history of alcohol and substance abuse which contributes to the risk factors in this case.

5       **IT IS THEREFORE ORDERED** granting the Defendant's Motion for To Review

6   Detention Order (Doc. 17), but affirming the Magistrate Judge's Order of detention.

7       **IT IS FURTHER ORDERED** that Estiven Quintana be committed to the custody

8   of the Attorney General for confinement in a corrections facility separate, to the extent

9   practicable, from persons awaiting or serving sentences or being held in custody pending

10  appeal.

11      **IT IS FURTHER ORDERED** that Estiven Quintana be afforded reasonable

12  opportunity for private consultation with counsel, and that on Order of a Court of the United

13  States or on request of an attorney for the Government, the person in charge of the

14  corrections facility in which Estiven Quintana is confined deliver Mr. Quintana to a United

15  States Marshal or another appropriate person.

16      DATED this 27th day of June, 2012.

17

18  _____
                    G. Murray Snow
19                United States District Judge

20

21

22

23

24

25

26

27

28

- 4 -